UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80909-CIV-MARRA/JOHNSON

CHRISTINA KENDRICK.,

    Plaintiff,

vs.

EAGLE INTERNATIONAL GROUP, LLC,
a Florida Limited Liability Company,
SAM NEGRI, and DAVID M. POMERANCE,

    Defendants.
_____/

**ORDER AND OPINION ON MOTION TO DISMISS**

    THIS CAUSE comes before the Court on Defendant David Pomerance's ("Defendant" or "Pomerance") Motion to Dismiss Complaint (DE 15). Plaintiff Christina Kendrick ("Plaintiff" or "Kendrick") filed a Response in Opposition to Defendants' Motion to Dismiss (DE 17) and Defendant filed a Reply to Plaintiff's Opposition (DE 19). The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

**Background**

    Plaintiffs filed a Complaint against Defendants on August 18, 2008. See DE 1. A clerk's entry of default was entered against Defendants Eagle International Group, LLC, and Sam Negri. See DE 8. As to Defendant Pomerance, Plaintiff alleges: failure to pay minimum wage in violation of Fair Labor Standards Act, 29 U.S.C. § 206 (Count I); and issuance of a worthless check (Count IV).

    According to the allegations of the Complaint:

Defendant Pomerance, an individual, is an employer as that term is broadly defined under the Fair Labor Standards Act, 29 U.S.C. § 206 (the "FLSA"). Comp. ¶ 8.  Plaintiff was employed in a position of sales and marketing with Defendants from January 2008 to April 8, 2008. Comp. ¶¶ 13-14.  During employment, Plaintiff agreed to be paid $500.00 per week plus expenses and commissions. Comp. ¶ 16.  Defendants failed to pay Plaintiff wages for work during several weeks of her employment. Comp. ¶ 17.  Additionally, Defendants issued Plaintiff two paychecks on worthless checks.  Comp. ¶ 18.  The second worthless check was Plaintiff's last paycheck. Comp. ¶ 19.  Plaintiff incurred $304.04 in unpaid expenses; $1,301.61 in unpaid wages, and $20.00 in returned check fees.  Comp. ¶ 20.

Defendant Eagle International's annual gross sales volume exceeds the statutory requirements at $500,000.00 per annum.  Defendant Eagle International at all material times was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.  Comp. ¶ 23.  Plaintiff's job duties were such that she was individually engaged in interstate commerce.  Comp. ¶ 25.

Plaintiff is a covered, non-exempt employee and is entitled to minimum wage for all hours worked.  Comp. ¶ 26.  Plaintiff worked without being compensated minimum wage, in violation of 29 U.S.C. § 206.  Comp. ¶ 28.

Defendant issued a paycheck to Plaintiff which had worthless funds.  Comp. ¶ 46.  To date, Defendant has failed to pay Plaintiff for monies earned during her employment.  Comp. ¶ 47.  Prior to bringing this action, Plaintiff gave notice and the maker and/or drawer of the check failed to pay the amount owing.  Comp. ¶ 48.  Plaintiff contends that each Defendant is liable to Plaintiff, in addition to the amount owing upon such check, draft, or order, for damages of triple

the amount so owing.  Comp. ¶ 49.  Plaintiff also seeks court costs and reasonable attorney fees incurred by this action as set forth in Florida Statute § 68.065.

Defendant Pomerance moves to dismiss the Complaint, arguing that (1) the complaint is devoid of any factual allegations to support Plaintiff's legal arguments that (a) Defendant is an "employer" as that term is used in 29 U.S.C. §§ 206 and 216, and that (b) Defendant, Eagle International is engaged in "interstate commerce" as that term is used in 29 U.S.C. §§ 206 and 216; (2) Defendant has never been a member, equity holder, officer, director, or manager of Eagle International; (3) Defendant has never been an authorized signatory on any Eagle International bank account, contract, or agreement; and (4) Defendant was employed by Eagle International and at all relevant times reported to and worked under the direction of Defendant Sam Negri.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action.  Roe v. Aware Woman Ctr. for Choice, Inc., 253

F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted).  "A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  Id.

**Discussion**

A Plaintiff may seek to sue an individual employer or multiple employers in a FLSA case. The FLSA contemplates that there may be several simultaneous employers who are responsible for compliance with the FLSA. Falk v. Brennan, 414 U.S. 190, 195 (1973).  The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  Additionally, the Eleventh Circuit has held that a "corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA" as long as that corporate

4

officer is "involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee." Alvarez Perez v. Sanflord-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008). In deciding whether a party is an employer, "economic reality" controls rather than common law concepts of agency. Goldberg v. Whitaker House Cooperative, 366 U.S. 28, 33 (1961).

Here, the Complaint alleges that "Defendant Pomerance, an individual, is an employer as that term is broadly defined under the Fair Labor Standards Act." Comp. ¶ 8. Defendant argues in his motion to dismiss that the complaint is devoid of any factual allegations to support Plaintiff's legal conclusion that he is an "employer" as that term is used in 29 U.S.C. §§ 206 and 216. The Court agrees. Mere labels and conclusions are insufficient to withstand a motion to dismiss. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65. A review of the allegations in the complaint demonstrates that Plaintiff failed to allege a single fact to support her legal conclusion that Defendant Pomerance is an employer under the FLSA.

Defendant Pomerance also argues in his motion to dismiss that the complaint is devoid of any factual allegations to support Plaintiff''s legal conclusion that Defendant, Eagle International is engaged in "interstate commerce" as that term is used in 29 U.S.C. §§ 206 and 216. In her response, Plaintiff appears to abandon her claim that Eagle International was an enterprise engaged in interstate commerce and instead relies exclusively on her claim that she was individually engaged in interstate commerce. See Comp. ¶ 25.

The minimum wage provisions of the FLSA covers not only enterprises engaged in commerce or in the production of goods for commerce, but also employees who themselves are either engaged in commerce or in production of goods for commerce. See 29 U.S.C. § 206(a)(1).

For individual coverage to apply under the FLSA, Plaintiff must be able to provide evidence at trial that she was (1) engaged in commerce or (2) engaged in the production of goods for commerce. Thorne v. All Restoration Services, Inc., 448 F.3d 1264, 1266 (11th Cir. 2006).

Here, the Complaint alleges that "Plaintiff's job duties were such that she was individually engaged in interstate commerce." Comp. ¶ 25.  Once again, Plaintiff's legal conclusion with no factual allegations in support is insufficient to withstand a motion to dismiss. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65.  Plaintiff failed to allege a single fact to support her legal conclusion that Plaintiff was engaged in commerce under 29 U.S.C. § 206(a)(1).

Based upon the foregoing, Count I, failure to pay minimum wage in violation of Fair Labor Standards Act, 29 U.S.C. § 206, must be dismissed as to Defendant David Pomerance.

**Conclusion**

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint (DE 15) is **GRANTED**.  Count I of Plaintiff's Complaint (DE 1) is hereby dismissed as to Defendant David Pomerance with leave to amend, consistent with this Order, if she can do so in good faith.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of November, 2009.

                                                KENNETH A. MARRA
                                                United States District Judge

Copies to:

all counsel of record