UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80909-CIV-MARRA/JOHNSON

CHRISTINA KENDRICK.,

    Plaintiff,

vs.

EAGLE INTERNATIONAL GROUP, LLC,
a Florida Limited Liability Company,
SAM NEGRI, and DAVID M. POMERANCE,

    Defendants.
_____/

**ORDER AND OPINION ON MOTION TO DISMISS**

    THIS CAUSE comes before the Court on Defendant David Pomerance's ("Defendant" or "Pomerance") Motion to Dismiss (DE 31). Plaintiff Christina Kendrick ("Plaintiff" or "Kendrick") filed a Response in Opposition to Defendants' Motion to Dismiss (DE 32) and Defendant filed a Reply to Plaintiff's Opposition (DE 33). The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

**Background**

    Plaintiffs filed a Complaint against Defendants on August 18, 2008. See DE 1. A Final Default Judgment in favor of Plaintiff and against the other two Defendants, Eagle International Group, LLC and Sam Negri, was entered on March 23, 2010. See DE 35. Following an Order and Opinion granting Defendant Pomerance's first motion to dismiss, see DE 26, Plaintiff filed an Amended Complaint as to Defendant Pomerance. See DE 30.

    As to Defendant Pomerance, Plaintiff alleges a failure to pay minimum wage in violation

of Fair Labor Standards Act, 29 U.S.C. § 206 (Count I).  According to the allegations of the Complaint:

Defendant Pomerance, an individual, is an employer as that term is broadly defined under the Fair Labor Standards Act, 29 U.S.C. § 206 (the "FLSA"). Comp. ¶ 4.  Plaintiff was employed in a position of sales and marketing with Defendants from January 2008 to April 8, 2008. Comp. ¶¶ 7-8.  During her employment, Plaintiff agreed to be paid $500.00 per week plus expenses and commissions. Comp. ¶ 11.  Defendants failed to pay Plaintiff wages for work during several weeks of her employment. Comp. ¶ 12.  Additionally, Defendants issued Plaintiff two paychecks on worthless checks.  Comp. ¶ 13.  The second worthless check was Plaintiff's last paycheck. Comp. ¶ 14.  Plaintiff incurred $304.04 in unpaid expenses; $1,301.61 in unpaid wages, and $20.00 in returned check fees.  Comp. ¶ 15.

Plaintiff's job duties were such that she was individually engaged in interstate commerce, including using the telephone on a daily basis to conduct Defendant's business as well as using the United States Postal Service and the Internet to perform some of her duties.  Comp. ¶ 17.

Defendant Pomerance was the Sales Manager for Defendant Eagle International Group, LLC. Comp. ¶ 19.  In that role, Defendant Pomerance oversaw the saw the day to day operations of the office, which included weekly meetings with each department; led weekly sales meetings at Defendant's office, which Plaintiff attended; required Plaintiff to have weekly telephone conferences with him to update him on her progress; required all staff members to report to him as their manager; approved leave when Plaintiff required time off; was responsible for the interviewing, hiring and firing of Plaintiff and of the security guards; went with Plaintiff on important appointments to supervise and evaluate her; discussed Plaintiff's sales calls,

2

appointments and strategies with her; and directed Plaintiff in her hours, work, and job duties. Comp. ¶¶ 20-22; 24-31.  Defendant Pomerance also told Plaintiff that he owned the company, Defendant Eagle International Group, LLC. Comp. ¶ 23.

Plaintiff is a covered, non-exempt employee and is entitled to minimum wage for all hours worked.  Comp. ¶ 32.  Plaintiff worked without being compensated minimum wage, in violation of 29 U.S.C. § 206.  Comp. ¶¶ 33, 34.  Plaintiff claims that, as a result of Defendant's conduct, she is entitled to unpaid wages, liquidated damages, prejudgment interest, attorney's fees and costs, and other penalties. Comp. ¶ 37.

Defendant Pomerance moves to dismiss the Complaint, arguing that (1) Plaintiff was not engaged in interstate commerce; (2) Plaintiff is an exempt employee under the FLSA; and (3) Defendant Pomerance is not an "employer" under the FLSA.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253

F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

**Discussion**

First, Defendant argues that Plaintiff was not engaged in interstate commerce. (Mot. 3-4). The minimum wage provisions of the FLSA covers not only enterprises engaged in commerce or in the production of goods for commerce, but also employees who themselves are either engaged in commerce or in production of goods for commerce. See 29 U.S.C. § 206(a)(1). For an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry

4

employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. Thorne v. All Restoration Services, Inc., 448 F.3d 1264, 1266 (11th Cir. 2006). See also 29 C.F.R. § 776.23 ("[E]mployees who regularly use instrumentalities of commerce, such as the telephone, telegraph and mails for interstate communication are within the scope of the Act."); Here, the Complaint alleges that "Plaintiff's job duties were such that she was individually engaged in interstate commerce, including using the telephone on a daily basis to conduct Defendant's business as well as using the United States Postal Service and the Internet to perform some of her duties." Comp. ¶ 17. These allegations are sufficient to survive a motion to dismiss. However, it remains Plaintiff's burden to provide evidence at trial that she qualifies for individual coverage under the FLSA. Thorne, 448 F.3d at 1267.

Second, Defendant argues that Plaintiff is an exempt employee under the FLSA. (Mot. 4). Specifically, Defendant contends that Plaintiff is exempt as an "outside sales employee." See, e.g., Gregory v. First Title Of America, Inc., 555 F.3d 1300 (11th Cir. 2009). It is well established that the employer "bears the burden of proving the applicability of a FLSA exception by clear and affirmative evidence." Klinedinst v. Swift Invs., Inc., 260 F.3d 1251, 1254 (11th Cir. 2001). According to the allegations in the Complaint: "Plaintiff is a covered, non-exempt employee and is entitled to minimum wage for all hours worked" and "Plaintiff was employed in a position of sales and marketing with Defendants from January 2008 to April 8, 2008." Comp. ¶¶ 32, 7-8. A review of Plaintiff's allegations does not allow the Court to conclude at the motion to dismiss stage that Defendant's claimed "outside sales employee" exemption is applicable. Accordingly, Defendant's motion is denied. Defendant will have the burden at trial to prove his

claimed exemption by "clear and affirmative evidence."Klinedinst, 260 F.3d at 1254.

Lastly, Defendant argues that he is not an "employer" under the FLSA as that term is used in 29 U.S.C. §§ 206 and 216. (Mot. 4-5).  A Plaintiff may seek to sue an individual employer or multiple employers in a FLSA case.  The FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA. Falk v. Brennan, 414 U.S. 190, 195 (1973).  The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  Additionally, the Eleventh Circuit has held that a "corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA" as long as that corporate officer is "involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee."  Alvarez Perez v. Sanflord-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008).  In deciding whether a party is an employer, "economic reality" controls rather than common law concepts of agency. Goldberg v. Whitaker House Cooperative, 366 U.S. 28, 33 (1961).

Here, the Complaint alleges that Defendant Pomerance, an individual, is an employer as that term is broadly defined under the Fair Labor Standards Act, 29 U.S.C. § 206 (the "FLSA"). Comp. ¶ 4. Moreover, the Complaint expressly and sufficiently alleges discrete facts which support the allegations that Defendant was "involved in the day-to-day operation" and/or had "some direct responsibility for the supervision of the employee." Alvarez Perez, 515 F.3d at 1160. Specifically, Plaintiff alleges that Defendant:  oversaw the saw the day to day operations of the office, which included weekly meetings with each department; led weekly sales meetings at Defendant's office, which Plaintiff attended; required Plaintiff to have weekly telephone

conferences with him to update him on her progress; required all staff members to report to him as their manager; approved leave when Plaintiff required time off; was responsible for the interviewing, hiring and firing of Plaintiff and of the security guards; went with Plaintiff on important appointments to supervise and evaluate her; discussed Plaintiff's sales calls appointments and strategies with her; and directed Plaintiff in her hours, work, and job duties. Comp. ¶¶ 20-22; 24-31. Plaintiff has sufficiently alleged that Defendant is an "employer" as that term is broadly defined under the FLSA.

**Conclusion**

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant Pomerance's Motion to Dismiss (DE 31) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of March, 2010.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
all counsel of record

David M. Pomerance, pro se
13152B Quiet Woods Road
Wellington, FL 33414