UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80909-CIV-MARRA/JOHNSON

CHRISTINA KENDRICK,

    Plaintiff,

vs.

EAGLE INTERNATIONAL GROUP, LLC, a
Florida limited liability company, SAM NEGRI, an
individual, and DAVID POMERANCE, an individual,

    Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff's Motion for Summary Judgment against Defendant David Pomerance. (DE 63). David Pomerance did not file a response to the motion.[1] The Court has carefully considered the motion and is otherwise fully advised in the premises.

**Background**

The facts, as culled from affidavits and answers, and reasonably inferred therefrom in a light most favorable to Defendant Pomerance, for the purpose of this motion, are as follows:[2]

On August 18, 2008, Plaintiff filed a Complaint against Defendants, alleging, inter alia, failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

---

[1] Defendant Pomerance is not represented by counsel in this matter. On March 15, 2011, the Court issued a Notice of Summary Judgment pursuant to *Griffith v. Wainwright*, 772 F.2d 822, 824 (11th Cir. 1985). (DE 64).

[2] Defendant Pomerance did not controvert Plaintiff's statement of fact. Pursuant to Local Rule 7.5(d), "[a]ll material facts set forth in the movant's statement filed and supported as required by Local Rule 7.5(c) will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L.R. 7.5(d).

206.  (DE 1).  A Final Default Judgment in favor of Plaintiff and against the other two Defendants, Eagle International Group, LLC and Sam Negri, was entered on March 23, 2010. (DE 35).  Following an Order and Opinion granting Defendant Pomerance's first motion to dismiss (DE 26), Plaintiff filed an Amended Complaint against Pomerance, alleging a single count for failure to pay minimum wage in violation of the FLSA.  (DE 30).

According to the undisputed facts, Plaintiff was employed by Defendant Pomerance as a sales and marketing associate with Eagle International Group LLC from January 2008 to April 2008.  (Kendrick Aff. ¶¶ 5, 8, 15).  Plaintiff's main job duty was contacting potential clients and setting up sales calls.  (Kendrick Aff. ¶ 14).  Her responsibilities included using the telephone on a daily basis to call clients as well as using the United States Postal Service and the Internet. (Kendrick Aff. ¶ 7).

Defendant Pomerance was Plaintiff's manager, who handled the day to day operations of Eagle International Group.  (Kendrick Aff. ¶ 16).  In that role he interviewed, hired, and fired Plaintiff; Plaintiff was required to report to him on a weekly basis to provide updates on her work progress; Plaintiff was required to report to him regarding any problems; and he would accompany Plaintiff on important sales calls to close the deals.  (Kendrick Aff. ¶¶ 9-13).

During her employment, Plaintiff agreed to be paid $500.00 per week plus expenses and commissions, such as business expenses, supplies, and mileage.  (Kendrick Aff. ¶ 6).  Defendants failed to pay Plaintiff wages for work during several weeks of her employment.  (Kendrick Aff. ¶ 17).  Additionally, Defendants issued Plaintiff two paychecks on worthless checks.  (Kendrick Aff. ¶ 17).  Plaintiff incurred $1,301.61 in unpaid wages and $40.00 in returned check fees. (Kendrick Aff. ¶ 17).

Plaintiff now moves for summary judgment, claiming that Defendant Pomerance is liable to her for unpaid wages, liquidated damages, prejudgment interest, and attorney's fees and costs.

**Summary Judgment Standard**

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id*. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the nonmoving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.

**Discussion**

Plaintiff argues that she is entitled to summary judgment on her claims against Defendant Pomerance for violation of the minimum-wage provisions of the FLSA.  Plaintiff bears the burden of proving by a preponderance of the evidence: 1) the existence of an employment relationship; 2) that she is an employee engaged in commerce or employed by an enterprise engaged in commerce; 3) that Defendant failed to pay the minimum wage required by the FLSA; and 4) that she is owed the amount claimed by a just and reasonable inference.  *See* 29 U.S.C. § 206(a); *Griffin v. Phil's Auto Body*, No. 09-81406, 2010 WL 5393491, at 3 (S.D. Fla. Dec. 21, 2010).

First, the Court finds that the undisputed facts establish that Defendant Pomerance was Plaintiff's "employer," as that term is defined under the FLSA.  The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  The Court may look to several factors to determine whether the defendant is an "employer," including "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled the employees' work schedules or conditions of employment, (3) determined the rate and method of payment, and (4)

maintained employment records." *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997). "To be personally liable, [the defendant] must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).

Here, the evidence establishes that Defendant Pomerance oversaw the day to day operations of Eagle International Group, which included hiring and firing Plaintiff, supervising her weekly work progress, resolving any work-related problems that arose in Plaintiff's day-to-day duties, and accompanying Plaintiff on important sales calls to close those deals. (Kendrick Aff. ¶¶ 9-13, 16). These duties reflect Defendant Pomerance's involvement in the day-to-day operations of Eagle International Group and his responsibilities directly supervising Plaintiff, and therefore meet the standard for individual-employer liability set forth by the Eleventh Circuit in *Villarreal* and *Patel*.

Second, the Court finds that the undisputed facts establish that Plaintiff was an employee engaged in commerce. The minimum-wage provisions of the FLSA cover (1) enterprises "engaged in commerce or in the production of goods for commerce," and (2) employees who themselves are "engaged in commerce or in production of goods for commerce." *See* 29 U.S.C. § 206(a)(1). For an employee to be individually "engaged in commerce" under the FLSA, she "must be directly participating in the actual movement of persons or things in interstate commerce by [1] working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or [2] by regularly using the instrumentalities of interstate commerce in [her] work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006); *see also*

5

29 C.F.R. § 776.23 ("[E]mployees who regularly use instrumentalities of commerce, such as the telephone, telegraph and mails for interstate communication are within the scope of the Act").

Here, the evidence shows that Plaintiff's job duties required using the telephone on a daily basis to call clients, as well as using the U.S. Postal Service and internet to perform other duties. (Kendrick Aff. ¶ 7). This evidence establishes that Plaintiff regularly used the instrumentalities of interstate commerce, and therefore proves that Plaintiff qualifies for individual coverage under the FLSA.

Last, the Court finds that the undisputed facts establish that Defendant Pomerance failed to pay Plaintiff the minimum wage required by the FLSA and that Plaintiff is owed the amount claimed by a just and reasonable inference. The only evidence before the Court regarding the amount of work performed by Plaintiff and the wages not paid by Defendants is presented by Plaintiff's affidavit filed in support of her summary-judgment motion. That affidavit establishes that Plaintiff "worked several weeks without being paid at all" and that "[s]ome weeks [Plaintiff] received a paycheck but was unable to cash it due to insufficient funds." (Kendrick Aff. ¶ 7). Specifically, Plaintiff declares that she worked the weeks of March 14, 2008, March 28, 2008, and April 5, 2008, but was not paid for this time. (Kendrick Aff. ¶ 7). The affidavit shows that Plaintiff is entitled to $1,301.61 for these three weeks, $433.87 per week. (Kendrick Aff. ¶ 7). The affidavit further shows that Plaintiff is entitled to $40.00 for returned-check fees for two checks returned for insufficient funds on March 14, 2008 and March 28, 2008. Because Defendant Pomerance has not presented any evidence to rebut Plaintiff's affidavit, the Court finds that Plaintiff's unopposed evidence establishes that Defendant Pomerance failed to pay Plaintiff minimum wage and that under a just and reasonable inference Plaintiff is owed the claimed amount of $1,341.61 in unpaid wages and costs.

Plaintiff also seeks liquidated damages under Section 216(b) of the FLSA, which permits liquidated damages in an amount equal to the unpaid wages.  An employer seeking to avoid liquidated damages bears the burden of proving that his violation of the FLSA was "both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict."  *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (internal quotation marks omitted).  "[L]iquidated damages are mandatory absent a showing of good faith."  *Id.*  Because Defendant has not provided any evidence in opposition to Plaintiff's summary-judgment motion, he has failed to carry his burden of proving that his FLSA violation was in good faith and based on reasonable grounds.  Accordingly, liquidated damages in the amount of unpaid wages, $1,301.61, shall be awarded in this case.

Plaintiff has met her burden of proving by a preponderance of the evidence her claims against Defendant Pomerance for violation of the minimum-wage provisions of the FLSA, 29 U.S.C. § 206.  Based on the undisputed facts culled from Plaintiff's affidavit and the undisputed facts set forth in Plaintiff's summary-judgment motion deemed admitted under Local Rule 7.5(d), Plaintiff is entitled to summary judgment against Defendant Pomerance.  As such, for the reasons discussed herein, Plaintiff is entitled to unpaid compensation and costs in the amount of $1,341.61 and liquidated damages in the amount of $1,301.61, for a total judgment in the amount of $2,643.22.  As the prevailing party in this FLSA action, Plaintiff is also entitled to reasonable attorney's fees and costs under  29 U.S.C. § 216(b).

**Conclusion**

It is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment against Defendant David Pomerance (DE 63) is **GRANTED**.  The Court will separately issue judgment for Plaintiff.

Within twenty (20) days of the date of entry of this order, Plaintiff's counsel shall submit affidavits specifying the hours worked, time records, associated billing rates, and proposed total amount of requested attorney's fees.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of April, 2011.

_____
KENNETH A. MARRA
United States District Judge